UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-154 |
| JASMINE PERRY<br>EVANS LEWIS<br>SOLOMON DOYLE | SECTION A(3) |

## ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 216)** filed by defendant Jasmine Perry; **Motion to Dismiss RICO Count (Rec. Doc. 218)** filed by defendant Evans Lewis; **Motion to Dismiss (Rec. Doc. 198)** filed by defendant Solomon Doyle.

On June 12, 2015, a grand jury in the Eastern District of Louisiana returned a 45 count indictment ("the Indictment") against defendants Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, and Damian Barnes. Count 1 of the Indictment charges a RICO conspiracy in violation of 18 U.S.C. § 1962(d), which is supported by allegations of 55 "overt acts" by the various defendants in furtherance of the RICO conspiracy. The other 44 counts charged in the Indictment pertain to various drug and firearm offenses, and a dozen murders.

Defendants Perry, Lewis, and Doyle move to dismiss the Indictment. These same defendants pleaded guilty to charges in EDLA Case No. 11-107, which centered around a sprawling drug conspiracy. Each defendant made a plea agreement with the

Government. Defendants argue that the charges in this case violate the terms of their plea agreements with the Government in 11-107. Lewis also argues that the RICO conspiracy charged in Count 1 of the Indictment violates the constitutional protection against double jeopardy.

### Plea Agreements

The court applies general principles of contract law in order to interpret the terms of a plea agreement between a defendant and the Government. *United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999). The sole measure of performance is the agreement's express terms. *United States v. Guerrero*, 299 Fed. Appx. 331, 335 (5th Cir. 2008) (citing *United States v. Cates*, 952 F.2d 149, 153 (5th Cir. 1992)). To assess whether a plea agreement has been violated, the court considers "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *Cantu*, 185 F.3d at 304 (quoting *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993)).

In Criminal Action 11-107, Perry pleaded guilty to Count 1 of the Superseding Bill of Information which charged him with conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin. (Rec. Doc. 216-2, Plea Agreement). In exchange, the Government agreed to dismiss the remaining counts *which pertained to Perry only* of the Fourth Superseding Indictment, the Third Superseding Indictment, and the Second Superseding Indictment. The Agreement includes a statement that it "does not apply to any crimes of violence which the defendant may have committed." No other promises relevant to this case are made.

Perry argues that the indictments for conspiracy in the 11-107 case named, among others, Solomon Doyle, Evans Lewis, and Terrioues Owney, all of whom are charged in the current RICO conspiracy. Perry points out that both indictments stem from drug activity centered around ringleader Gregory Stewart. Thus, according to Perry, the underlying acts related to both the former conspiracy and the RICO conspiracy are one in the same. Perry argues that his plea agreement with the Government in 11-107 bars the Indictment in this case for any charges incorporating the same underlying acts as those charges to which he formerly pleaded guilty. (Rec. Doc. 216-1 at 3). In support of his contentions, Perry adopts the legal arguments made by codefendant Solomon Doyle.[1]

Perry's argument fails to account for the statement contained in his plea agreement that expressly excepts it from any crimes of violence. Perry does not take issue with the Government's assertion that the Count 1 RICO conspiracy constitutes a crime of violence. And it is beyond cavil that the firearm and multiple murder counts identified by Perry in his motion (Counts 3,4, 5,25,26,27,28,37, and 38) are crimes of violence so the plea agreement presents no bar to those charges. Thus, it is not determinative that the conspiracy charged in the Indictment involves underlying acts related to the conspiracy that Perry pleaded guilty to in 11-107.[2] Importantly, Perry was

---

[1] The Court will make every effort to apply Doyle's legal arguments to Perry's plea agreement. But Doyle's plea agreement has language in it that Perry's does not have. The scope of each of the plea agreements will be governed by the specific terms contained in them. Thus, not every argument raised by Doyle will necessarily benefit Perry. Lewis also adopted Doyle's arguments so the same admonition applies to him.

[2] At footnote 1 of Perry's memorandum in support he includes a catchall statement suggesting that he is also charged in several other counts of the Indictment that relate to the conspiracy in 11-107. (Rec. Doc. 216-1 at 2 n.1). Perry does not identify those counts. Because

not charged in the Indictment's Count 2 drug conspiracy charge, ostensibly because to do so would be in blatant violation of his plea agreement.

Lewis pleaded guilty to Count 11 of the Fourth Superseding Indictment, which charged him with committing a murder (Gregory Keys) in furtherance of a conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin. (Rec. Doc. 218-4, Plea Agreement). In exchange, the Government agreed to dismiss Counts 1, 2, and 3 of the Fourth Superseding Indictment, and any previous indictments in the case as they pertain to Perry. No other promises relevant to this case are made.

Like Perry, Lewis is not charged in the counts of the Indictment that are directly related to either the Keys murder that he pleaded guilty to or the charges that the Government dismissed as part of the plea agreement. (Counts 2 (drug conspiracy) and 3) (firearms conspiracy)). And Counts 14, 15, 16, and 17 are murder charges that were previously uncharged so these crimes are not implicated by the plea agreement. Thus, Lewis's argument focuses on the Count 1 RICO conspiracy. Lewis identifies seven overt acts that directly implicate him, including Overt Act 46 which alleges the Keys murder. Lewis argues that the RICO conspiracy is nothing more than a "warmed over aggregation" of the drug conspiracy and firearms conspiracies that the Government agreed to dismiss in the 11-107 plea agreement. According to Lewis, at least five of the seven overt acts alleged against Lewis in the RICO conspiracy charge are

---

the Indictment contains 45 counts and 55 predicate acts in support of the RICO count, the Court did not peruse the Indictment on Perry's behalf in search of any other counts that implicate his agreement with the Government.

encompassed within the drug conspiracy charge in 11-107 that the Government agreed to dismiss as part of the plea agreement.

In *United States v. Cantu*, *supra,* the defendant challenged his conviction for RICO conspiracy by making a similar argument. Cantu had entered into a prior plea agreement where in exchange for his plea of guilty to a drug conspiracy charge, the government had agreed to dismiss a related drug possession charge. Cantu was subsequently indicted under RICO and he argued that the RICO conspiracy charge violated his plea agreement because it included an over act that had been previously dismissed via the plea agreement. *Cantu*, 185 F.3d at 305. The Fifth Circuit concluded that it would be unreasonable for the defendant to believe that the plea agreement, which only dismissed the substantive drug possession count, would bar the government from bringing a different charge in a future prosecution. *Id.* The court noted the narrow language of the plea agreement, speaking only to the government's obligation to dismiss the crime charged in count II of the indictment. *Id.*

Similarly in this case the RICO conspiracy charge is a separate offense from any of the charges that the Government agreed to dismiss via Lewis's plea agreement, and this remains true even though the RICO conspiracy charge involves conduct that arguably would have been implicated in the prior charges. Lewis's plea agreement is not so broadly worded so as to allow him to reasonably infer the type of transactional immunity that he implicitly seeks.

Doyle pleaded guilty to Count 1 of the Superseding Bill of Information which charged conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin. (Rec. Doc. 198-2, Plea Agreement). In exchange, the Government

agreed to dismiss the Fourth Superseding Indictment, and any other indictments in the case as they pertain to Doyle. The Government also agreed

> not to charge the defendant with any other drug trafficking crimes that he may have committed in the Eastern District of Louisiana prior to July 28, 2011, as long as the defendant has truthfully informed federal agents of the full details of those crimes. The defendant understands that this agreement does not apply to any crimes of violence which the defendant may have committed.

*Id.*

In the Indictment, Doyle is charged in the Count I RICO conspiracy, the Count 3 firearms conspiracy, and in Counts 27 and 28 pertaining to the murder of Littlejohn Haynes. Doyle argues that the Indictment should be dismissed in its entirety as to him because all four counts against him charge him in one way or another with an underlying drug trafficking offense in violation of the plea agreement.

All of the crimes charged against Doyle in the Indictment are crimes of violence, which the plea agreement specifically excepts. Counsel for Doyle in the 11-107 case has submitted an affidavit explaining that it was his understanding, and Doyle's, that the "crimes of violence" exception included only statutory offenses that were not predicated upon the drug activity of the Gregory Stewart organization and Doyle's involvement with the organization. (Rec. Doc. 198-4, Lemann affid. Exh. C). Like Lewis's plea agreement, Doyle's plea agreement is not so broadly worded so as to allow him to reasonably infer the type of transactional immunity that he implicitly seeks. The Government did not expressly agree, as it had in the *Langston* case that Doyle cites, to forego additional charges arising out of the facts forming the basis of the present (11-107) indictment.

**Double Jeopardy**

Lewis argues that the RICO conspiracy charged in the Indictment is nothing more than a prohibited successive prosecution of the "same offense," *i.e.*, the drug conspiracy, charged in 11-107. Lewis points out that the timeframes are the same, most of the coconspirators (including the leaders) are the same, the underlying substantive offenses are the same, the scope of the activities substantially overlap in each charge, and the geographic location of the conspiracy charges is identical. (Rec. Doc. 218-1, Lewis's Memo in Support at 10-11). Lewis urges the Court to conduct the double jeopardy analysis under the totality of the circumstances test that some courts in other jurisdictions have used when dealing with successive RICO and conspiracy prosecutions.

The Double Jeopardy Clause provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend V. The traditional test for determining whether two offenses are the same for double jeopardy purposes derives from the Supreme Court's decision in *Blockburger v. United States*, 284 U.S. 299 (1932). The *Blockburger* inquiry asks whether "the offense charged in the subsequent prosecution 'requires proof of a fact which the other does not.'" *United States v. Deshaw*, 974 F.2d 667, 670 (5th Cir. 1992) (quoting *United States v. Rodriguez*, 948 F.2d 914, 917 (5th Cir. 1991)). If application of *Blockburger* reveals that the offenses have identical statutory elements or that one offense is a lesser included offense of the other then the subsequent prosecution is barred by double jeopardy. *Id.* (quoting *Grady v. Corbin*, 495 U.S. 508, 516 (1990), *overruled by United States v. Dixon*, 509 U.S. 688, 704 (1993)).The *Blockburger* test focuses on the elements of the statutory offenses, not on a detailed examination of the facts surrounding the offenses.

*United States v. Odutayo*, 406 F.3d 386, 392 (5th Cir. 2005) (citing *United States v. Lankford*, 196 F.3d 563, 577-78 (5th Cir. 1999)).

In criminal action 11-107, Lewis pleaded guilty to Count 11 of the Fourth Superseding Indictment, which charged him with committing a murder (Gregory Keys) in furtherance of a conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 18 U.S.C. § 924(j). (Rec. Doc. 218-4, 2/21/13 plea agreement; Rec. Doc. 218-5, Indictment). Section 924(c) pertains to the crime of using or possessing a firearm in relation to or in furtherance of a drug trafficking crime, and subpart (j) pertains in particular to murder in the course of a violation of § 924(c).

Even with an overlap in alleged criminal conduct between this case and 11-107, the drug conspiracy that constituted the drug trafficking crime for purposes of Lewis's § 924(j) conviction in 11-107 is not the same conspiracy charged in Count 1 of the Indictment. Count 1 of the Indictment charges a RICO conspiracy in violation of 18 U.S.C. § 1962(d). The elements of a conspiracy under § 1962(d) are 1) that two or more people agreed to commit a substantive RICO offense under § 1962(c),[3] and 2) that the defendant knew and agreed to the overall objective of the RICO offense. *United States v. Pratt*, 728 F.3d 463, 477 (5th Cir. 2013) (quoting *United States v. Delgado*, 401 F.3d 290, 296 (5th Cir. 2005)). In proving the RICO conspiracy, the Government will be

---

[3] Section 1962(c) states:
It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

required to prove facts beyond those required to sustain the § 924(j) murder conviction. Thus, double jeopardy is not a bar under the *Blockburger* analysis. The Court is not persuaded that the totality of the circumstances analysis that courts in other jurisdictions have used from time to time can supplant the *Blockburger* analysis in this circuit. Therefore, the Court finds no merit to Lewis's attempt to dismiss Count 1 of the Indictment based on double jeopardy grounds.

### **Multiplicitous Counts**

Doyle argues that Count 3 of the Indictment is multiplicitous of the Count I RICO conspiracy charge, and that Counts 27 and 28 are multiplicitous because they both charge him with the murder of Littlejohn Haynes.

Adopting Doyle's argument, Lewis argues that Count 3 of the Indictment is multiplicitous of the Count I RICO conspiracy charge, and additionally that Counts 4/5, 25/26, 37/38 are multiplicitous of each other.

Without deciding that any counts are multiplicitous of each other, the Court declines to dismiss the counts at this time. Instead, in its discretion, the Court pretermits the issue until the time of sentencing if defendants are actually convicted on all of the counts that they challenge. At sentencing the Court has the discretion to vacate any multiplicitous convictions so that no defendant is punished twice for the same crime in violation of his constitutional rights. *See Ball v. United States*, 470 U.S. 856, 864 (1985).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 216)** filed by defendant Jasmine Perry; **Motion to Dismiss RICO Count (Rec. Doc. 218)** filed by defendant

Evans Lewis; and **Motion to Dismiss (Rec. Doc. 198)** filed by defendant Solomon Doyle are **DENIED.**

      February 2, 2016

                                                                  _____
                                                                  JUDGE JAY C. ZAINEY
                                                           UNITED STATES DISTRICT JUDGE