UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-154 |
| JASMINE PERRY<br>EVANS LEWIS<br>SOLOMON DOYLE<br>CURTIS NEVILLE | SECTION A(3) |

## ORDER AND REASONS

The following motions are before the Court: **Motions to Sever (Rec. Docs. 219, 246, and 251)** filed by defendants Evans Lewis, Jasmine Perry, and Curtis Neville; **Motions to Exclude (Rec. Docs. 220, 250, 252, and 254)** filed by defendants Evans Lewis, Jasmine Perry, Terrioues Owney, and Solomon Doyle.

On June 12, 2015, a grand jury in the Eastern District of Louisiana returned a 45 count indictment ("the Indictment") against defendants Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, and Damian Barnes. Count 1 of the Indictment charges a RICO conspiracy in violation of 18 U.S.C. § 1962(d), which is supported by allegations of 55 "overt acts" by the various defendants in furtherance of the RICO conspiracy. The other 44 counts charged in the Indictment pertain to various drug and firearm offenses, and a dozen murders.

Movants Lewis, Perry, Doyle, and Owney were codefendants in EDLA Case No. 11-107, which centered around a sprawling drug conspiracy. Each defendant entered into a plea agreement with the Government. The Government has advised Lewis, Perry,

Doyle, and Owney that it intends to introduce their factual bases from 11-107 against them at the forthcoming trial in this Section. The instant motions to exclude and to sever all relate for the most part to the introduction of these defendants' prior guilty pleas, and in particular the introduction of their factual bases. Lewis, Perry, Doyle, Owney, and Neville all raise concerns that statements in their codefendants' factual bases will implicate them in the crimes charged in the Indictment in this case, in violation of *United States v. Bruton*, 391 U.S. 123 (1968). Neville was not a codefendant in the 11-107 case but he is concerned that there will be references to his guilt in the evidence offered against Lewis, Doyle, and Owney, and in the evidence that they offer in defense of their own charges.

The Court DENIES the moving defendants' motions to sever the charges against them under Rule 14(a).[1] The Defendants were indicted together and all of the charges relate to each other and the RICO conspiracy charged in Count I. Although the case is complex, the Court is persuaded that the jury can be instructed to judge each defendant's guilt individually thereby eliminating any problems of unfair prejudice.

Given that the Government elected to charge the Defendants in a single indictment and has opposed their request for a severance, if the Government intends to admit the guilty pleas and factual bases then they must be redacted to ensure that no

---

[1] Rule 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. Pro. 14(a).

defendant suffers a *Bruton* problem. The Court agrees with the Government's observation that with proper redactions, the number of defendants tends to decrease the likelihood that the jury will associate redacted material with a specific defendant.

Aside from the potential *Bruton* problem, Lewis questions whether the Government can properly admit his own factual basis against him. Lewis contends that the factual basis is not an admission by him but rather is a stipulation as to what the Government could have proved at trial had the matter not been resolved by a guilty plea. Lewis points out that his factual basis included hearsay statements offered by third parties that cannot be attributed to him.

To admit the plea agreement and factual basis, the Government must identify an applicable exception to the hearsay rule. Federal Rule of Evidence 801(d)(2)(B) pertains to opposing party statements. That exception to the hearsay rule applies to statements that the party adopted or believed to be true. Lewis signed his factual basis attesting that he had read it and approved it. The Court is persuaded that Rule 801(d)(2)(B) applies to a factual basis accompanying a guilty plea when offered against the defendant who signed it. But Lewis and the other defendants' raise a good point regarding potential hearsay problems with the third-party statements that the Government included in the plea agreements. Therefore, the Court may require the Government to redact a defendant's factual basis beyond what is necessary to cure the *Bruton* problem.

Finally, Doyle argues that his plea agreement in 11-107 precludes the Government from using his plea agreement and factual basis against him. Doyle's plea agreement in 11-107 contained the following statement:

>The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant except for the purpose of impeachment.

Rec. Doc. 198-2, Doyle Plea Agreement at 4).

As the Government correctly points out in opposition, the plea agreement and factual basis do not derive from questions asked by federal agents or prosecutors as a result of the agreement. (Rec. Doc. 262, Opposition at 8).

In sum, subject to the plea agreements and factual bases being properly redacted to cure *Bruton* and hearsay problems, the motions to exclude are DENIED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motions to Sever (Rec. Docs. 219, 246, and 251)** filed by defendants Evans Lewis, Jasmine Perry, and Curtis Neville, and **Motions to Exclude (Rec. Docs. 220, 250, 252, and 254)** filed by defendants Evans Lewis, Jasmine Perry, Terrioues Owney, and Solomon Doyle are **DENIED**.

February 2, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE