UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 2:15-cr-154 |
| | SECTION A (3) |
| VERSUS | |
| | JUDGE JAY A. ZAINEY |
| JASMINE PERRY, ET AL | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SUPPLEMENT TO JOINT OPPOSITION
TO GOVERNMENT'S MOTION TO SUSPEND
DISCOVERY AND *GIGLIO* DEADLINES**

NOW INTO COURT through undersigned counsel comes Jasmine Perry, who supplements the Joint Opposition to Government's Motion to Suspend Discovery and *Giglio* Deadlines ("Joint Opposition") [R. Doc. No. 272] in further response to the Government's Motion to Suspend Discovery and *Giglio* Deadlines ("Government's Motion") [R. Doc. No. 240]. Jasmine Perry urges the Court to uphold its Order declaring all statements made by Gregory Stewart and Darryl Franklin to be *Brady* materials [R. Doc. No. 235, p. 1].

**I.   All statements made by Gregory Stewart and Darryl Franklin constitute *Brady* material.**

On December 23, 2015, the government wrote a letter to Your Honor objecting to Your Honor's Order declaring all statements made by Gregory Stewart and Darryl Franklin, the two main cooperators in the case against Jasmine Perry, to be *Brady* material. In the Government's letter and in the Government's Motion, the Government presupposes the statements made by Stewart and Franklin are subject to Jencks Act timelines and asserts that the statements are "the

opposite of *Brady* material" without offering any legal support for its conclusion [R. Doc. No. 240-1, p. 2].

Jasmine Perry fundamentally disagrees with the Government's position. The statements made by Stewart and Franklin are not mere impeachment evidence, but constitute nearly all of the evidence that the Government will use against Jasmine Perry. Considering the dearth of physical evidence against Perry, the severity of the charges against him (including multiple murders, attempted murders, and RICO charges), and the inconsistent statements of Stewart and Franklin produced to date, all statements made by Stewart and Franklin are clearly *Brady* material and must be produced by the Government as soon as possible.

The discovery produced by the United States thus far has shown a complete lack of physical evidence or unbiased credible witness testimony implicating Jasmine Perry in the crimes of which he is accused. Jasmine Perry has reason to believe that the United States' purported "significant evidence" against him includes primarily statements made by unindicted co-conspirators Gregory Stewart and Darryl Franklin. Both Stewart and Franklin are known gang leaders who each have been involved in the commission of several murders, attempted murders, and extensive drug activity in this jurisdiction.

Along with various drug crimes, Gregory Stewart has pled guilty to the murders of three individuals and promised to cooperate with the Government in exchange for the Government's assurance that it would not seek the death penalty and would not charge him with at least nine additional murders in which he was involved. Stewart was sentenced to four life terms plus 240 months in connection with the murders and surrounding crimes in the 11-107 case [R. Doc. No. 906]. Like Stewart, Darryl Franklin has also entered into a plea agreement with the United States in which Franklin pled guilty to drug trafficking, drug conspiracy, and murder charges. In

exchange for Franklin becoming a Government witness, the Government promised not to charge Franklin in connection with the murders of another individual, despite Franklin freely admitting to his participation in the murder. Franklin was sentenced to two life terms plus 240 months for his role in the 13-282 case [R. Doc. No. 53].

As both Stewart and Franklin were sentenced to multiple life terms, their only hope to ever be released from prison before the end of their lives is through a Rule 35 Motion by the Government. With regards to Jasmine Perry, whether he spends the rest of his life in jail will hinge on the testimony of these two admitted liars and murderers who will take whatever measures they feel necessary to reduce their own culpability and sentences, even if it includes falsely implicating others in crimes for which they did not commit.

Where the Government withholds exculpatory statements made by a witness who forms the basis for the Government's case-in-fact, the Government violates a defendant's right to due process under *Brady*. *Smith v. Cain*, 132 S.Ct. 627, 629 (2012). The Supreme Court has recognized that where a co-conspirator's reliability as a witness may be determinative of the accused's guilt or innocence, the Government's withholding of evidence pertaining to the witness's credibility constitutes reversible error under *Brady*. *See Giglio v. United States*, 405 U.S. 150, 152, 154-55 (1972) (granting defendant a new trial under *Brady* where the government failed to disclose a leniency promise made to a co-conspirator whose testimony constituted nearly the entirety of the government's case against the defendant).

Moreover, the Fifth Circuit has explicitly stated that *Brady* material includes impeachment evidence in certain circumstances, which are applicable here. *See Mahler v. Kaylo*, 537 F.3d 494, 499 (5th Cir. 2008). Where a witness's testimony is the only evidence linking the defendant to a crime, and the witness has made statements that directly contradict his

testimony, the failure of the Government to disclose such statements constitutes a *Brady* violation. *Id.*; *see also Cain*, 132 S.Ct. at 630-31. Additionally, where the impeachment material is not corroborated by additional evidence and would "seriously undermine the testimony of a key witness on an essential issue," the evidence has been found to be material under *Brady*. *United States v. Sipe*, 388 F.3d 471, 478 (5th Cir. 2004) (quoting *United States v. Weintraub*, 871 F.2d 1257, 1262 (5th Cir.1989).

For example, the defendant in *Mahler v. Kaylo* was convicted of manslaughter after shooting a man during an altercation. 537 F.3d at 497. The defendant appealed, arguing that the prosecution violated his rights under *Brady* by failing to provide him with several exculpatory witness statements that were inconsistent with testimony presented at trial that the defendant shot the victim in the back while he was running away. *Id*. The state failed to produce earlier statements by witnesses indicating that the defendant and victim were still in a struggle for the gun at the time of the shooting. *Id*. at 501-02. Importantly, the court noted that the parties did not dispute the fact that the defendant shot the victim in the back with his gun; the only issue was whether the defendant and victim were still struggling with each other at the time of the shooting. *Id*. at 504. In granting the defendant's habeas petition, the court held that the state violated *Brady* by failing to provide the defendant with the inconsistent pretrial statements, noting that the state's case against the defendant, and the defendant's defense, depended on the reliability of the witnesses whose inconsistent pretrial statements were suppressed. *Id*.

Upon information and belief, the universe of statements made by Gregory Stewart and Darryl Franklin will contain substantial exculpatory evidence with regard to Jasmine Perry. As described fully in the Joint Opposition, both Stewart (see Joint Opposition, Exhibit D) and

4

Franklin (see Joint Opposition, Exhibit G) have sent jailhouse letters to Perry apologizing for falsely accusing him of some of the crimes at issue.

These letters, along with Gregory Stewart's letters to AUSA Maurice Landrieu (See Joint Opposition, Exhibits E & F) constitute small glimpses into what is likely contained within the universe of statements made by Stewart and Franklin and clearly demonstrates why all of Franklin's and Stewart's statements are *Brady* material. The Government should not be permitted to pick and choose what it considers *Brady* and what it does not out of the universe of Stewart and Franklin's statements. Nor should Your Honor undertake an in camera review of the Stewart and Franklin statements, as suggested by the Government.

Another illustration of why all of Stewart's and Franklin's statements are *Brady* material comes from EDLA Case No. 11-cr-107. In that case, several individuals, including Jasmine Perry, Gregory Stewart, and Evans Lewis, were indicted in 2011 on various charges predicated on a drug conspiracy. Jasmine Perry was only named in two of the 21 Counts in the 11-107 indictment, including a drug conspiracy and using a telephone in furtherance of the conspiracy. Less than a year after the indictment was issued, Jasmine Perry pled guilty to the drug conspiracy charge. Two years later, Stewart (in July 2014) and Lewis (in February 2014) pled guilty to the murder of Gregory Keys and assault of Kendrick Smothers in furtherance of the drug conspiracy. Notably, Jasmine Perry was not in any way implicated in the murder of Gregory Keys and assault of Kendrick Smothers during any of the 11-107 proceedings. In fact, Kendrick Smothers, the surviving victim, specifically stated in sworn testimony that Jasmine Perry was not one of the men who shot him or murdered Gregory Keys. (See attached Exhibit A). It was only after Stewart and Lewis pled guilty in 2014 that Jasmine Perry was implicated by Stewart and

Franklin, which further indicates that any statements made by Stewart and Franklin should be considered *Brady* materials, as they are entirely inconsistent with the victim's sworn testimony.

## II. The government must produce Gregory Stewart and Darryl Franklin's statements as soon as possible to allow the defense to effectively use the information at trial.

The Government must produce Stewart and Franklin's statements as soon as possible to allow Jasmine Perry to effectively prepare his defense against the extremely serious charges pending against him. The Fifth Circuit has interpreted *Brady* to require the government "to produce *at the appropriate time* requested evidence which is materially favorable to the accused either as direct or impeaching evidence." *Williams v. Dutton*, 400 F.2d 797, 800 (5th Cir. 1968) (emphasis added). In order to comply with due process and fundamental fairness, the prosecution must make *Brady* disclosures far enough in advance of trial for a defendant to put the information "to effective use at trial." *United States v. McKinney*, 758 F.2d 1036, 1049-50 (5th Cir. 1985); *see United States v. Nixon*, 634 F.2d 306, 311–13 (5th Cir. 1981) (information about immunity agreement with Government witness should have been disclosed prior to trial); *see also United States v. Campagnuolo*, 592 F.2d at 860 (disclosure of witness' grand jury testimony containing exculpatory statements disclosed on day before trial was "tardy").

As outlined above, Jasmine Perry has reviewed all of the materials produced to date by the Government and has not found any physical evidence implicating him in any of the murders or attempted murders for which he is charged. At the February 4, 2016 status conference, Your Honor set the deadline for the government's production of Jencks Act and *Giglio* material for August 22, 2016, a mere two weeks before trial is set to begin [R. Doc. No. 280]. If the Court does not uphold its original Order declaring Stewart and Franklin's statements to be *Brady*

material, it would allow the government to postpone producing Jasmine Perry with exculpatory evidence that contradicts the sole evidence against him until two weeks before trial.

Perry has identified numerous inconsistencies in the limited amount of Franklin and Stewart's statements that Perry has independently gathered or that the government has produced thus far. By Maurice Landrieu's own account at Stewart's July 27, 2015 restitution hearing, he spent a significant amount of time with Gregory Stewart during a six month period, indicating that the universe of Franklin's and Stewart's inconsistent statements is likely to be voluminous. To the detriment of Perry and his defense counsel, this would leave little time for Perry to sift through the multitude of statements or to even begin to prepare the majority of his defense, resulting in serious due process concerns. Jasmine Perry is thus entitled to the following *Brady* information immediately:

- **All 302 reports, including all drafts, documenting interviews with Gregory Stewart and/or Darryl Franklin**

- **All past and future debriefing notes, including all drafts of interviews and/or all other communications between the Government and Gregory Stewart, and the Government and/or Darryl Franklin**

- **All recordings and transcripts of jailhouse phone calls made by Gregory Stewart and/or Darryl Franklin**

- **All jailhouse letters and/or e-mails from Gregory Stewart and/or Darryl Franklin in the government's possession**

- **All e-mail messages from Gregory Stewart's email account, gstriprabbit@gmail.com, or any other account used by him and/or Darryl Franklin**

- **All social media messages and posts by Gregory Stewart and/or Darryl Franklin**

**III.    The Government's speculative safety concerns do not override its duty to produce *Brady* materials immediately.**

Additionally, the Government's unfounded safety concerns do not override Jasmine Perry's fundamental right to receive *Brady* materials. The incident reports attached to the Government's December 23, 2015 letter include two isolated incidents of fights involving Gregory Stewart and Darryl Franklin. As the Court is aware, such altercations occur frequently in correctional facilities. Critically, however, there is no indication whatsoever that the fights are in any way related to Stewart's or Franklin's cooperation with the Government in this matter or any other matter. In fact, from the incident report regarding the altercation in which Stewart was involved, it appears that another inmate assaulted him so the inmate could be transferred to a different area of the correctional facility to be housed with his brother. The fight in which Franklin was involved occurred in March 2015, months before the Indictment was returned in this case.

For the foregoing reasons, Jasmine Perry requests that Your Honor uphold the Order declaring all statements made by Gregory Stewart and Darryl Franklin to be *Brady* material and require the Government to produce the *Brady* information immediately.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

/s/ *Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone:    (504) 566-8646
Facsimile:     (504) 585-6946
Email:           kjmiller@bakerdonelson.com
*Counsel for Defendant, Jasmine Perry*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of February, 2016, I electronically filed the foregoing pleadings using CM/ECF, which will send a notice of the electronic filing to all counsel of record.

/s/ *Kerry J. Miller* _
**KERRY J. MILLER**